IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEILA McCLAIN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.: |
| | § | |
| v. | § | CV 22-53 |
| | § | |
| FOLEY FOOD GROUP, LLC, d/b/a | § | JURY DEMAND |
| ZAXBY'S | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

### I.    INTRODUCTION

1.    This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights and violations of the Americans with Disabilities Act, Title 42 U.S.C. § 12101 *et seq.*, (hereinafter "ADA"); and violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, *et seq.* The Plaintiff seeks compensatory, punitive, and liquidated damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

### II.    JURISDICTION AND VENUE

2.    Plaintiff believes that this Court has jurisdiction in accordance with 28 U.S.C. § 1331, 29 U.S.C. §2617, 28 U.S.C. § 2201 and 2202, 29 U.S.C. § 794a, and 42 U.S.C. § 12133.

3.    The unlawful employment practices alleged hereinbelow were committed by the defendant within Baldwin County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391and 42 U.S.C. § 2000e-5(g).

4.    Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under the ADA.  Plaintiff timely filed her Charge of

Discrimination with the Equal Employment Opportunity Commission on April 28, 2021, and within 180 days of occurrence of the last discriminatory act.  Plaintiff also timely filed this Complaint within ninety (90) days of the receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission.

### III.    PARTIES

5.      Plaintiff, Sheila McClain (hereinafter "Plaintiff" or "McClain"), is a female citizen of the United States and a resident of Baldwin County in the State of Alabama and was a former employee of the Defendant's Foley, Alabama, Zaxby's restuarant location.

6.      Plaintiff was an eligible employee under the FMLA in that she worked for the Defendant for more than 12 months, had worked more than 1250 hours of service within the preceding 12 months, and had worked at a location within 75 miles of where the Defendant employed at least 50 employees.

7.      Plaintiff is also a qualified individual under the Americans with Disabilities Act in that she suffers from medical conditions which substantially limit one or more of her major life activities, and/or is perceived as having a disability which substantially limits her major life activities, and/or has a history of having such disabilities. 42 U.S.C. § 12102, 42 U.S.C. § 12131, 29 U.S.C. § 706.

8.       Defendant, Foley Food Group, LLC, d/b/a Zaxby's, (hereinafter "FFG" or "Defendant"), is a corporation doing business in Baldwin County, Alabama, where at all times relevant to this action it employed at least fifteen (15) or more employees.

9.       At all times relevant to this action the defendant has employed at least fifteen (15) or more employees for the purposes of the ADA as a single employer, a joint employer, and/or via

agency with S&R Poultry, LLC; Hub City Foods, LLC; Hwy 49 Foods, LLC; Poultry Ward, LLC; Jubilee Food Group, LLC; LA Foods, LLC; LA Foods South, LLC; Cleveland Chick, LLC; Cookeville Chick, LLC; Little Rocking Chick, LLC; Little Rocking Chick North, LLC; and/or Port City Poultry, LLC.

10.    The Defendant is an employer pursuant to 42 U.S.C. § 12111(5); an employer within the meaning of 42 U.S.C. § 2000e(a) and (b); and is a covered employer pursuant to 29 U.S.C. §2611(4).

11.    For the purposes of the FMLA, at all times relevant to this action the Defendant has employed 50 or more employees within 75 miles of the Plaintiff's work site as a single employer, a joint employer, and/or via agency with S&R Poultry, LLC; Hub City Foods, LLC; Hwy 49 Foods, LLC; Poultry Ward, LLC; Jubilee Food Group, LLC; LA Foods, LLC; LA Foods South, LLC; and/or Port City Poultry, LLC.

## IV.    FACTUAL ALLEGATIONS

12.    The Plaintiff was employed with Foley Food Group, LLC, as General Manager of their Foley, Alabama, Zaxby's restaurant location from approximately November 2017 through her termination date of January 8, 2021.

13.    The Plaintiff had also previously worked for the Defendant as a General Manager from approximately January 2012 through May 2016.

14.    Plaintiff returned to work for the Defendant in 2017 at the request of the Owner, Hudson Sandefur.

15.    Sandefur owns and operates approximately eight or nine Zaxby's restaurants in Alabama and Mississippi, as well as two other related operations in Tennessee and Mississippi.

16.    At the time of the Plaintiff's termination her supervisory chain of command included Sarah Galligar (District Manager), David Marks (Operations Director), and Christa Myrick (Director of Human Resources) who worked for all of the various restaurant sites.

17.    The Plaintiff is a person with a disability, a history of a disability, and/or is perceived as having a disability.

18.    However, with or without reasonable accommodations Plaintiff was able to perform and did perform her job duties.

19.    In late December 2020 the Plaintiff began suffering from migraines, shortness of breath, extreme fatigue, and body pain/swelling which was so extreme it would render her unable to stand or walk.

20.    On or about December 31, 2020, the Plaintiff was diagnosed with fibromyalgia/autoimmune disorder, a serious medical condition.

21.    Since 2019 the Plaintiff had been informing Human Resources in Daphne, Alabama; David Marks, Sarah Galligar, and the owner about her serious medical conditions and medical treatments including things such as appointments for biopsies, MRI's, CT scans, and heart surgery.

22.    In or about late December 2020 the Plaintiff's doctor informed her that she may need to be able to take breaks during her work shifts due to her medical conditions/disability.

23.    On January 2, 2021, the Plaintiff emailed Christa Myrick (Director of Human Resources) inquiring about what she needed to do in order to request accommodations for her medical condition/disability, what documentation was needed about her medical diagnosis, and when the documentation would be needed.

4

24.    The Plaintiff informed Myrick that she [Plaintiff] had been diagnosed with a medical condition that may end up requiring accommodations and that it would take her a few weeks to get accustomed to a new medication that she had just started and which would be increased in dosage.

25.    The Plaintiff also informed Myrick that in a month or so she [Plaintiff] would know if the medication was helping or if she would have to see a specialist for more in-depth treatment.

26.    The Plaintiff informed Myrick that this was a lifelong medical condition with no cure and that in the future it could potentially interfere with the Plaintiff's ability to continue working the hours that she was currently working so she might need leave time.

27.    Myrick responded to the Plaintiff on January 5, 2021, stating that every situation is unique and inquiring about a time they could discuss the matter.

28.    However, the Plaintiff was never given the opportunity to discuss her accommodation request or possible leave time any further with Myrick even though the Plaintiff attempted to reach Myrick via phone and email with no response.

29.    The Plaintiff also kept Sarah Galligar (District Manager) aware of her medical conditions, symptoms, new medical treatment and side effects, and when the Plaintiff needed to take a break or rest.

30.    Plaintiff was never provided any accommodation or leave/FMLA information.

31.    Instead, the Plaintiff received a phone call from Sarah Galligar on January 8, 2021, informing the Plaintiff that her employment was terminated.

32.    At no time did anyone with the company advise Plaintiff of her rights under the FMLA or provide her with FMLA paperwork.

5

33.     At no time did anyone with the company engage in any disability accommodation discussions or interactive process with Plaintiff.

34.     Plaintiff's supervision was aware of her disabilities and serious medical conditions and of her ongoing treatment for same.

35.     Plaintiff advised her supervision/Human Resources of her potential need for medical leave in relation to her serious health conditions.

36.     Plaintiff advised her supervision/Human Resources of her potential need for a reasonable job accommodation for her disability.

37.     Plaintiff was discriminated against on the basis of her disability, a perception of a disability, and/or history of a disability by being denied engagement in the ADA interactive process, being denied reasonable accommodations, and by being subjected to unwarranted termination. This conduct was willful, malicious, and in wanton disregard of her federally protected rights.

38.     Plaintiff has also been unlawfully retaliated against in relation to her federally protected rights under the FMLA by the Defendant's unlawful termination of her employment.

39.     The Defendant also interfered with the Plaintiff's federally protected rights under the FMLA by the Defendant's failure to provide her with FMLA leave and by the unlawful termination of her employment.

40.     The defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights under the FMLA.

41.     The Defendant acted intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights.

42.     As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due her. She also suffered embarrassment, humiliation, inconvenience, and mental distress.

43.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory, liquidated and punitive damages is her only means of securing adequate relief.

44.     Plaintiff is suffering and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.      CAUSES OF ACTION

### COUNT I –DISCRIMINATION IN VIOLATION
### OF THE AMERICANS WITH DISABILITIES ACT

45.     Plaintiff realleges and incorporates by reference paragraphs 5 through 36 above with the same force and effect as if fully set out in specific detail hereinbelow.

46.     Plaintiff is a qualified individual under the ADA because of her known disability, and/or perceived disability, and/or history of a being a person with a disability.

47.     The Plaintiff is a person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

48.     Despite the Plaintiff's disability, with or without reasonable accommodations, the Plaintiff was qualified for and able to perform the essential functions of her job with the Defendant.

49.     Plaintiff made known to her supervision/Human Resources her need for a reasonable accommodation due to her disability.

50.     Plaintiff was subjected to unlawful discrimination by the Defendant based on her disability and/or perceived disability and/or history of a disability by failing to engage in the ADA interactive process, by denying her reasonable accommodations, and by terminating her employment.

51.     At the time of this unlawful activity the defendant perceived the Plaintiff as having a disability, and/or had knowledge that the Plaintiff suffered from an actual disability, and/or had a history of a disability.

52.     Defendant, by its discriminatory treatment of the Plaintiff has intentionally, willfully, with deliberate indifference and without justification deprived Plaintiff of her federally protected rights, as described herein.   This deprivation violates Plaintiff's rights under the Americans with Disabilities Act.

53.     The Plaintiff is now suffering and will continue to suffer irreparable injury from The Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**COUNT II – INTERFERENCE IN VIOLATION OF**
**THE FAMILY MEDICAL LEAVE ACT OF 1993**

54.     Plaintiff realleges and incorporates by reference paragraphs 5 through 36 above with the same force and effect as if fully set out in specific detail hereinbelow.

55.     As set forth herein, Plaintiff was an eligible employee under the FMLA in that she worked for more than 12 months, had worked more than 1250 hours of service within the preceding 12 months, and had worked at a location within 75 miles of where the defendant employed at least 50 employees.

56.     As a result of her serious medical conditions, as set out above, the Plaintiff was eligible for federally protected medical leave from the Defendant.

57.     As a result of the Plaintiff's serious medical conditions, as set out above, Plaintiff placed the Defendant on notice of her need to take medical leave and made inquiries on how to apply for leave.

58.     The Defendant thereafter interfered with the Plaintiff's substantive rights under the Act by failing to provide her with necessary FMLA leave materials, failing to provide her with FMLA leave, and by terminating her employment.

59.     The Defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff, in the terms, conditions, and benefits of her employment in violation of the FMLA.

60.     The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

61.     The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

62.     The Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment.

### COUNT III – RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

63.     Plaintiff realleges and incorporates by reference paragraphs 5 through 36 above with the same force and effect as if fully set out in specific detail hereinbelow.

64.     As set forth herein, Plaintiff was an eligible employee under the FMLA in that she worked for more than 12 months, had worked more than 1250 hours of service within the preceding

12 months, and had worked at a location within 75 miles of where the Defendant employed at least 50 employees.

65.     As a result of her serious medical conditions, as set out above, the Plaintiff was eligible for federally protected medical leave from the Defendant.

66.     As a result of the Plaintiff's serious medical conditions, as set out above, Plaintiff placed the Defendant on notice of her need to take medical leave and made inquiries on how to apply for leave.

67.     The Defendant retaliated against the Plaintiff for her protected activities under the FMLA by failing to provide her with necessary FMLA leave materials, failing to provide her with FMLA leave, and by terminating her employment.

68.     The Defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff, in the terms, conditions, and benefits of her employment in violation of the FMLA.

69.     The Plaintiff is now suffering and will continue to suffer irreparable injury from The Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

70.     The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

71.     The Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff, as secured by the Americans with Disabilities Act, and as secured by the Family and Medical Leave Act of 1993;

2.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act, and the Family and Medical Leave Act of 1993;

3.      Grant the Plaintiff an order requiring the Defendants to make her whole by awarding her reinstatement into the position(s) she would have occupied in the absence of the unlawful acts by the Defendant with the same seniority, leave and other benefits of the position (or front pay), and back pay (with interest);

4.      Grant Plaintiff a preliminary and permanent injunction pursuant to 29 U.S.C. §2617(1)(B) directing the Defendant to reinstate all of Plaintiff's employment benefits, including but not limited to her health insurance and retirement benefits, retroactive to the date of their cessation;

5.      Grant plaintiff a declaratory judgment against the Defendant that her termination violated the FMLA and ADA;

6.      Enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against the Defendant and in favor of the Plaintiff for the monetary losses Plaintiff sustained as a direct result of the

11

defendant's termination of Plaintiff in violation of the FMLA;

      7.     Grant Plaintiff applicable compensatory damages (ADA), punitive damages

(ADA), liquidated damages (FMLA), and/or nominal damages, plus interest;

      8.     Grant Plaintiff her attorney's fees and costs; and

      Grant Plaintiff such other relief as justice requires.

            Respectfully submitted,

            s/ Temple D. Trueblood
            Temple D. Trueblood (TRUET0355)
            Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama   35203
Telephone: (205) 314-0500

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

            s/ Temple D. Trueblood
            OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named Defendants the following: Summons, Complaint.**

**Defendant's Address:**
Foley Food Group, LLC
c/o Registered Agent
Hudson Sandefur
555 Wedgewood Drive
Daphne, Alabama 36526

            s/ Temple D. Trueblood
            OF COUNSEL